| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | LUELLA M. CALDITO |
| | Assistant U.S. Attorney |
| 3 | California State Bar No. 215953 |
| | Federal Office Building |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-7035 |
| | Luella.Caldito@usdoj.gov |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | UNITED STATES OF AMERICA |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. CASE NO.   08CR1967-BTM |
| | ) | |
| | ) | DATE:    July 25, 2008 |
| Plaintiff, | ) | TIME:    1:30 p.m. |
| | ) | |
| | ) | GOVERNMENT'S NOTICE OF MOTIONS AND |
| v. | ) | MOTIONS FOR RECIPROCAL DISCOVERY AND |
| | ) | TO COMPEL FINGERPRINT EXEMPLARS |
| | ) | |
| JUAN PENA-ANDRADE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

NOTICE OF MOTION

TO:    Debra Dilorio, counsel for defendant, Juan Pena-Andrade,

PLEASE TAKE NOTICE that on Friday, July 25, 2008, at 1:30 p.m., or as soon thereafter as counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, will move the court for an order granting the Government's Motion for Reciprocal Discovery and Motion to Compel Fingerprint Exemplars.

MOTION

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, will hereby move the court for an order granting the Government's Motion for Reciprocal Discovery and Motion to Compel Fingerprint Exemplars.

DATED: July 2, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Luella M. Caldito
LUELLA M. CALDITO
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Luella.Caldito@usdoj.gov

KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> JUAN PENA-ANDRADE, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIM. CASE NO.   08CR1967-BTM <br><br> DATE:      July 25, 2008 <br> TIME:      1:30 p.m. <br><br> STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery and fingerprint exemplars.

**I**

**STATEMENT OF THE CASE**

On June 12, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging Defendant with Deported Alien Found In the United States, in violation of Title 8, United States Code, Section 1326(a) and (b). The Indictment also alleges that Defendant was

removed from the United States subsequent to February 26, 1992. Defendant was arraigned on the Indictment on June 12, 2008, and pled not guilty to the Indictment.

## II

## STATEMENT OF FACTS

### A.  THE INSTANT OFFENSE

On May 11, 2008, at approximately 12:30 p.m., Border Patrol Agents Martin Salgado and Jesus Tapia were conducting linewatch duties approximately 16 miles east of the Calexico, California Port of Entry. The agents observed foot sign for a person walking from Mexico into the United States, at an area approximately .20 miles west of Imperial Irrigation District's Drop 4. The agents followed the foot sign to the south canal bank of the All American Canal. Shortly after arriving to that area, the agents observed an individual walking eastbound along the south canal bank of the All American Canal.

Agent Tapia approached the individual, later identified as Defendant, and conducted a field immigration interview. Defendant stated that he was a citizen of Mexico. Defendant stated that he lived south of the All American Canal and was just walking along the canal. Defendant further claimed that he did not have any immigration documents that would allow him to legally enter or remain in the United States. Defendant was arrested and transported to the Calexico Border Patrol Station for processing.

Defendant's fingerprints were entered into record checks systems, which revealed Defendant's immigration and criminal history. Defendant was advised of his Miranda rights and invoked his right to remain silent.

### B.  DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen of Mexico who was ordered deported by an Immigration Judge on or November 14, 1996. Defendant was physically removed from the United States on March 11, 1998 and January 7, 2003.

# III

# **GOVERNMENT'S MOTIONS**

**A.    MOTION FOR RECIPROCAL DISCOVERY**

    **A.    RULE 16(b)**

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States produced will comply with the Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

    **2.    RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of <u>Jencks</u> statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### B.   Motion to Compel Fingerprint Exemplars

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

## IV
## CONCLUSION

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: July, 2, 2008

                                          Respectfully Submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          /s/ Luella M. Caldito

                                          LUELLA M. CALDITO
                                          Assistant U.S. Attorney
                                          Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR1967-BTM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JUAN PENA-ANDRADE, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. Debra Dilorio

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on July 2, 2008

                                      /s/ Luella M. Caldito  
                                      LUELLA M. CALDITO