1  **DEBRA A. DiIORIO**
   DiIorio & Hall, APC.
2  California Bar No. 138018
   964 Fifth Avenue, Suite 214
3  San Diego, California  92101
   Telephone:  (619) 544-1451
4  Facsimile: (619) 544-1473

5  Attorneys for Defendant **Peña Andrade**

6
                      **UNITED STATES DISTRICT COURT**
7
                     **SOUTHERN DISTRICT OF CALIFORNIA**
8
                      **(HONORABLE BARRY T. MOSKOWITZ)**
9
10 UNITED STATES OF AMERICA,        )    Criminal No. 08-CR-1967-BTM
                                    )
11            Plaintiff,             )    Date: July 25, 2008
                                    )    Time: 1:30 p.m.
12       v.                         )
                                    )    **DEFENDANT'S NOTICE OF**
13 **JESUS PEÑA ANDRADE**,          )    **MOTIONS AND MOTIONS TO:**
              Defendant              )    **1) COMPEL DISCOVERY; AND**
14                                  )    **2) GRANT LEAVE TO FILE FURTHER**
                                    )       **MOTIONS**

15 TO:   KAREN HEWITT, UNITED STATES ATTORNEY, and
         LUELLA M. CALDITO, ASSISTANT UNITED STATES ATTORNEY
16
17       PLEASE TAKE NOTICE that on Friday, July 25, 2008 at 1:30 p.m., or as soon thereafter

18 as counsel may be heard, the defendant, Jesus Peña Andrade, by and through his

19 counsel, Debra Ann DiIorio and the Law Offices of DiIorio & Hall, APC, will move this Court

20 to 1) compel discovery; and 2) grant leave to file further motions.

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28

**MOTIONS**

The defendant, Jesus Peña Andrade, by and through his counsel, Debra Ann DiIorio and the Law Offices of DiIorio & Hall, APC, pursuant to Fed. R. Crim. P. 12, 14, 16 and 26.2; Title 18, United States Code Sections 3500-01 and 3504, and the Fifth and Sixth Amendments to the United States Constitution, hereby moves this Court to 1) compel discovery; 2) and grant leave to file further motions.

These motions are based upon the instant motions, the notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-entitled cause, and any and all other information that may be brought to the Court's attention prior to or during the hearing on these motions.

Respectfully submitted,

Dated: July 11, 2008

*/s/Debra A. DiIorio*
**DEBRA A. DiIORIO**
DiIORIO & HALL, APC
Attorney for Defendant **Peña Andrade**

1  **DEBRA A. DiIORIO**
   DiIorio & Hall, APC.
2  California Bar No. 138018
   964 Fifth Avenue, Suite 214
3  San Diego, California 92101
   Telephone: (619) 544-1451
4  Facsimile: (619) 544-1473

5  Attorneys for Defendant **Peña Andrade**

6
                     **UNITED STATES DISTRICT COURT**
7
                    **SOUTHERN DISTRICT OF CALIFORNIA**
8
                         **(HON. BARRY T. MOSKOWITZ)**
9
10 UNITED STATES OF AMERICA,          )    Criminal No. 08-CR-1967-BTM
                                      )
           Plaintiff,                 )    Date: July 25, 2008
11                                    )    Time: 1:30 p.m.
   v.                                 **)**
12                                    )    **STATEMENT OF FACTS AND**
   **JESUS PEÑA ANDRADE,**            )    **MEMORANDUM OF POINTS AND**
13                                    )    **AUTHORITIES IN SUPPORT OF**
           Defendant,                 )    **DEFENDANT'S MOTIONS**
14                                    )
                                      )
15

16                                    **I.**

17                          **STATEMENT OF FACTS**

18      The following statement of facts is based, in part, on materials received from the
19 government in discovery on July 9, 2008. The government has produced 244 pages of discovery
20 and one DVD. The facts alleged in these motions, therefore, are subject to amplification and/or
21 modification at a future motion hearing; Mr. Peña Andrade reserves the right to take a contrary
22 position at any future hearing as these facts are in no way intended by him as admissions.

23      On May 11, 2008, Border Patrol Agents were conducting linewatch duties in a remote
24 area to the east of the Calexico, California Port of Entry. Agents saw signs of foot traffic and
25 followed the signs to an area near the south canal bank of the All American Canal. They then
26 saw a man walking eastbound along the south canal bank.

27      One of the agents approached the man, later identified as Juan Peña Andrade, and
28 questioned him about his immigration status. Mr. Peña replied that he lived just south of the
   Canal and was merely out walking. He admitted he had no immigration documents to legally

1  enter or remain in the United States.  During subsequent records checks at the Calexico Border
2  Patrol Station, Mr. Peña was found to be a citizen of Mexico who was ordered deported by an
3  Immigration Judge on November 14, 1996 and was physically removed from the United States
4  on March 11, 1998 and January 7, 2003.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Peña Andrade requests the following discovery pursuant to Fed. R. Crim. P. 12(b)(4) and 16:

(1)  all written and oral statements made by him.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Peña Andrade is contained.  It also includes the substance of any oral statements, regardless of whether the government intends to introduce such statements at trial.  These are all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  Mr. Peña Andrade also requests any response to any Miranda warnings which may have been given to him. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);

(2)  all documents, statements, agents' reports, and tangible evidence favorable to Mr. Torres on the issue of **guilt or punishment** and/or which affects the credibility of the government's case.  This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and United States v. Agurs, 427 U.S. 97 (1976);

(3)  all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. Mr. Peña Andrade specifically requests reasonable notice pursuant to Fed. R. Evid 404(b) of at least four weeks prior to trial, of any evidence the government intends to introduce at trial under this rule;

1    (4)  all evidence seized as a result of any search, either warrantless or with a warrant, in this case.  Mr. Peña Andrade specifically requests copies of all documents and evidence seized from him, and requests copies of all documents, evidence and physical items seized from the vehicle, as well as photographs, fingerprints, videotapes or recordings made in this case.  This is available under Fed. R. Crim. P. 16(a)(1)(C);

(5)  all arrest reports, investigator's notes, memos from arresting officers, sworn statements and prosecution reports pertaining to Mr. Peña Andrade.  These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

(6)  the personnel file of the interviewing agent(s) containing any complaints of assaults, abuse of discretion and authority and/or false arrest.  Pitchess v. Superior Court, 11 Cal. 3d. 531, 539 (1974).  In addition, the defense requests that the government examine the personnel files of all testifying agents, and turn over Brady and Giglio material reasonably in advance of trial Kyles v. Whitley, 115 S.Ct. 1555 (1955); United States v. Henthorn, 931 F.2d 29, 30-31(9th Cir. 1991).  If the prosecutor is unsure as to whether the files contain Brady or Giglio material, the files should be submitted to the Court, in camera.  Id.  The prosecution should bear in mind that there exists an affirmative duty on the part of the government to examine the files.  Id.

(7)  Mr. Peña Andrade requests copies of any and all audio/video tape recordings made by the agents in this case and any and all transcripts, including taped recordings of any conversations of any of the agents involved in this case.  This evidence is available under Fed. R. Crim. P. 16(a)(1)(C);

(8)  Mr. Peña Andrade requests the name and last known business address of each prospective government witness.   See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

(9)  all other documents and tangible objects, including photographs, books, papers, documents, photographs, or building or places or copies of portions thereof which are material

3

1  to Mr. Peña Andrade' defense or intended for use in the government's case-in-chief or were
2  obtained from or belong to Mr. Peña Andrade. Rule 16(a)(1)(C);
3        (10) all results or reports of scientific tests or experiments, or copies of which are within
4  the possession, control, or custody of the government or which are known or become known to
5  the attorney for the government, that are material to the preparation of the defense, including the
6  opinions, analysis and conclusions of experts consulted by law enforcement including finger
7  print specialists in the instant case.  These must be disclosed, once a request is made, even
8  though obtained by the government later, pursuant to Fed.R.Crim.Pro. 16(a)(1)(D).
9        (11) any express or <u>implicit</u> promise, understanding, offer of immunity, of past, present,
10 or future compensation, agreement to execute a voluntary return rather than deportation or any
11 other kind of agreement or understanding between <u>any</u> prospective government witness and the
12 government (federal, state and local), including any implicit understanding relating to criminal
13 or civil income tax liability.  <u>United States v. Shaffer</u>, 789 F.2d 682 (9th Cir. 1986); <u>United
14 States v. Risken</u>, 788 F. 2d 1361 (8th Cir. 1986); <u>United States v. Luc Levasseur</u>, 826 F.2d 158
15 (1st Cir. 1987);
16       (12) any discussion with a potential witness about or <u>advice</u> concerning any contemplated
17 prosecution, or any possible plea bargain, even if no bargain was made, or the advice not
18 followed.  <u>Brown v. Duggen</u>, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that witness
19 sought plea bargain is to be disclosed, even if no deal struck); <u>Haber v. Wainwright</u>, 756 F.2d
20 1520, 1524 (11th Cir. 1985);
21       (13) any evidence that any prospective government witness has engaged in any criminal
22 act whether or not resulting in a conviction.  <u>See</u> Rule 608(b), Federal Rules of Evidence and
23 <u>Brady</u>;
24       (14) any evidence that any prospective witness is under investigation by federal, state or
25 local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.), <u>cert.
26 denied</u>, 474 U.S. 945 (1985); and,
27       (15)  any evidence, including any medical or psychiatric report or evaluation, tending to
28

4

show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. July 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(16) the name and last known business address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984);

(17) the name and last known business address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses);

(18) the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975);

(19) Mr. Peña Andrade requests a transcript of the grand jury testimony and rough notes of all witnesses expected to testify at the motion hearing or at trial. This evidence is discoverable under Fed. R. Crim. P. 12(I) and 26 and will be requested.

(20) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests

pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during the pre-trial motions hearings or trial.

### III.

### JESUS PEÑA ANDRADE REQUESTS THAT THE COURT GRANT LEAVE TO FILE FURTHER MOTIONS

Mr. Peña Andrade requests this Court to grant him leave to file further motions after complete discovery has been provided and reviewed by the defense.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. Peña Andrade requests that this Court grant the motions stated herein.

Respectfully submitted,

Dated: July 11, 2008

*/s/ Debra A. DiIorio*
**DEBRA A. DiIORIO**
DiIORIO & HALL, APC
Attorney for Defendant **Peña Andrade**

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |
| 3 | **(HONORABLE BARRY T. MOSKOWITZ)** | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. **08-CR-1967-BTM** |
| Plaintiff, | ) | |
| v. | ) | |
| **JUAN PEÑA ANDRADE,** | ) | |
| Defendant, | ) | PROOF OF SERVICE |
| | ) | |

I, the undersigned, say:

    1. I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party to the within action;

    2. My business address is 964 Fifth Ave., Suite 214, San Diego, California 92101;

    3. I served the within **MOTION TO COMPEL DISCOVERY, AND FOR LEAVE TO FILE FURTHER MOTIONS** on opposing counsel by e-filing through the CM/ECF system;

    I certify under penalty of perjury that the foregoing is true and correct. Executed on July 11, 2008, at San Diego, California.

                                                */s/ Debra A. DiIorio*
                                                Debra A. DiIorio